IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Laura M. Aquino-Hernandez,<br><br>     Plaintiff,<br>  vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>     Defendant. | Civil Action No. 9:19-cv-582-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq*., D.S.C.

The Report, filed March 11, 2020, recommends the decision of the Commissioner be affirmed. ECF No. 21. On April 2, 2020, Plaintiff filed objections to the Report. ECF No. 24.[1] On April 14, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 25. For the reasons stated below, the court adopts the Report and affirms the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] Plaintiff moved, with consent of Defendant, for an extension to file her objections, but filed objections before the motion was ruled upon. That motion (ECF No. 22) is moot and Plaintiff's objections shall be considered timely filed.

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on March 19, 2015, alleging disability as of February 14, 2014 due to diabetes, pancreatitis, gastritis, kidney problems, breathing problems, migraines, depression, anxiety, asthma, and irritable bowel syndrome. R[3]. at 126, 156, 249-50. Plaintiff's application was denied initially and upon reconsideration. On July 5, 2017, a hearing was held before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim on October 30, 2017. Plaintiff requested review by the Appeals Council, which was granted, but the Appeals Council ultimately found she was not disabled. R. at 4-26. This February 1, 2019 decision of the Appeals Council is therefore the final decision of the Commissioner. Plaintiff filed this action February 27, 2019. ECF No. 1.

---

[3] Citations to the Record are denoted by "R."

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. ECF No. 21 at 5. Plaintiff objects to the Report, arguing the RFC does not take into account her limitations are exacerbated by morbid obesity, and the ALJ failed to provide sufficient reasoning for rejecting the treating physician's opinion. ECF No. 24. The Commissioner argues the Appeals Council's determination of the RFC was appropriate, as Plaintiff did not explain how her obesity would affect her ability to work at the sedentary level, and her treating physicians did not opine that it would. ECF No. 25. He contends the Appeals Council's decision provided substantial evidence supporting the evaluation of Plaintiff's medical evidence, including evidence of her activities of daily living. *Id.*

   1) *Limitations exacerbated by obesity*

Plaintiff's objections first argue the ALJ and Appeals Council did not acknowledge the evidence of her obesity, despite several doctors noting problems due to "obesity and deconditioning." ECF No. 24 at 1. She contends the Appeals Council's citation of her daily activities should not be found inconsistent with a claim of disability, but the decision must explain how these activities translate into an ability to work. *Id.* at 2. She also argues the recitation of her daily activities is incorrect. *Id.* Finally, she contends there is no evidence the ALJ factored Plaintiff's shortness of breath, daytime somnolence, sleep disturbance and difficulties, and fatigue into the RFC. *Id.* at 5.

The Commissioner argues Plaintiff has made this argument before, to no avail. ECF No. 25 at 1. He further argues Plaintiff did not explain how evidence related to her obesity translates

4

into limitations that would necessitate a change to the RFC, which found Plaintiff capable of only sedentary work. *Id.* at 2. Regarding Plaintiff's daily activities, he contends those were not the only evidence used to support the analysis of obesity and conclusions reached that her obesity did not limit her further than to sedentary work. He also notes the record supports the findings about her daily activities and the RFC allowing for sedentary work.

The court agrees with the Magistrate Judge that the Appeals Council considered Plaintiff's obesity in combination with her other impairments in determining to limit Plaintiff to sedentary work with postural limitations. In fact, the Appeals Council determined Plaintiff's obesity was a severe impairment, and took it into account in formulating the RFC limiting Plaintiff to sedentary work. R. at 5. It also considered the purported limitations Plaintiff attributes to her sleep difficulties, such as mental functioning and fatigue, and noted the record contains "inconsistent statements" regarding her symptoms, specifically activities of daily living. R. at 6-7. While she denied performing household chores at the hearing, she noted several chores she completes, such as laundry, dishes, vacuuming, sweeping, and mopping in her functional report. *Id.* at 7. The Magistrate Judge also discussed Plaintiff's sleep difficulties at length, and concluded Plaintiff did not show reversible error regarding her obesity and resulting RFC. The court agrees, and overrules this objection.

2) *Treating Physician's Opinion*

Plaintiff also argues the ALJ failed to provide good reasons for rejecting the opinion of Dr. Edens, a treating primary care physician, regarding limitations "that would preclude competitive

5

work." ECF No. 24 at 5.  She asserts the Magistrate Judge did not address her contentions of error regarding this issue.

The court finds the Magistrate Judge thoroughly considered the Appeals Council's consideration of Dr. Edens' opinion.  The Report noted the Council gave the opinion limited weight, as it conflicted with the medical records and daily activities performed by Plaintiff.  The Magistrate Judge concluded the Council appropriately considered the records and opinions in weighing Dr. Edens' opinion, and thus found no reversible error.

The court agrees.  The Appeals Council explained its reasoning for giving limited weight to Dr. Edens' opinion, and specifically noted the record portions and activities which contradicted the opinion.  It also considered the different facets of Dr. Edens' opinion, and gave varying weight depending on the specific opinion and its support in the record.  The court finds no reversible error in this analysis.  This objection is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 14, 2020